ERIC GRANT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS MELENDEZ<br>                    Defendant. | CASE NO. 1:24-CR-00273-KES-BAM<br><br>STIPULATION REGARDING DISCLOSURE OF HEALTH INFORMATION; FINDINGS AND PROTECTIVE ORDER |

**STIPULATION**

1. The discovery in the above-mentioned case includes confidential health information.

2. To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the parties hereby stipulate as follows:

 a) The United States may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number) to defendant, pursuant to defendant's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102B164.534, or to the provisions of 42

STIPULATION REGARDING CONFIDENTIAL
HEALTH INFORMATION PROTECTIVE ORDER

1

U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the United States. The United States shall produce these documents unredacted to the defendant. Upon producing these documents to the defendant, the United States shall designate them as "confidential" in the manner set forth in subparagraph b), below. The defendant, including defendant's counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs a form acknowledging receipt of this Order and agreement to comply with the terms of this Order. The defendant shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed. Within 90 days of the final conclusion of this litigation, defendant shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

    b)    To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION- SUBJECT TO PROTECTIVE ORDER."

    c)    The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social

Security numbers associated with the names of individual patients have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

  d) Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

  e) The failure to designate any materials as provided in subparagraph b) above shall not constitute a waiver of a party=s assertion that the materials are covered by this Protective Order.

  f) This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO STIPULATED.

Dated: December 11, 2025        ERIC GRANT
United States Attorney

/s/ ANTONIO J. PATACA
ANTONIO J. PATACA
Assistant United States Attorney

Dated: December 11, 2025        /s/ BARBARA H. O'NEILL
BARBARA H. O'NEILL
Counsel for Defendant
Luis Melendez

STIPULATION REGARDING CONFIDENTIAL HEALTH INFORMATION PROTECTIVE ORDER  3

**ORDER**

IT IS SO ORDERED.

Dated: __December 11, 2025__      ____/s/ Barbara A. McAuliffe____
                                  UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING CONFIDENTIAL
HEALTH INFORMATION PROTECTIVE ORDER

4