ERIC GRANT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LUIS MELENDEZ,<br>Defendant. | CASE NO. 1:24-CR-000273-KES-EPG<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a trial confirmation hearing on September 28, 2026 and the jury trial hearing is set for October 6, 2026.

2. By this stipulation, defendant now moves to continue the trial dates to February 9, 2027, to set a new trial confirmation hearing on February 1, 2027, and to exclude time between October 6, 2026, and February 9, 2027, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

3. The parties agree and stipulate, and request that the Court find the following:

a) The government provided initial discovery to the defense on December 10, 2024. The discovery generally consisted of law enforcement reports, bodycam footage, photographs

and medical records. As investigation was ongoing, the Government provided additional discovery to defense counsel.

b) On March 12, 2025, at the request of the Defense counsel, the Court ordered a psychiatric or psychological examination pursuant to 18 U.S.C. §4241(b). On April 7, 2025, the Court granted the Metropolitan Correctional Center- San Diego's request for additional time to complete the psychological examination. The psychological examination report was not completed until on or about May 27, 2025.

c) The government extended a plea agreement to the Defense in June 2025. The government continued to obtain and discover to the Defense additional discovery, with the latest production occurring on March 2, 2026. The government extended an updated plea offer to the Defense on July 26, 2026. The parties require additional time to discuss potential resolution of this case.

d) Defense counsel has advised the government that she requires additional time to review the discovery and the terms of the government's proposed plea agreement with the defendant. Counsel represents that, given the volume and complexity of the evidence and the individual circumstances of her client, additional time is necessary to ensure that the defendant fully understands the evidence against him, the terms and consequences of the proposed agreement, and the alternatives available to him, so that any decision he makes is knowing, voluntary, and informed.

e) Finally, Defense counsel further represents that her investigation of this case is ongoing, and she requests additional time to complete an independent investigation of the charges and any potential defenses.

f) The defendant asks the Court to exclude time between October 6, 2026, and February 9, 2026, to account for time to discuss the plea with the Government and defendant, to conduct her own investigation, taking into account the exercise of due diligence.

g) The government does not object to the continuance.

h) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the

original date prescribed by the Speedy Trial Act.

i) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 6, 2026 to February 9, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 12, 2026

ERIC GRANT
United States Attorney

/s/ ANTONIO J. PATACA
ANTONIO J. PATACA
Assistant United States Attorney

Dated: August 12, 2026

/s/ BARBARA O'NEILL
BARBARA O'NEILL
Counsel for Defendant

**FINDINGS AND ORDER**

Pursuant to the parties' stipulation, the trial date set for October 6, 2026, is continued to **February 9, 2027, at 8:30 a.m.** before District Judge Kirk E. Sherriff, and the trial confirmation hearing set for September 28, 2026, is continued to **February 1, 2027, at 11:00 a.m.** before District Judge Kirk E. Sherriff. For the reasons set forth by the parties, time is excluded between October 6, 2026, and February 9, 2027, pursuant to 18 U.S.C.§ 3161(h)(7)(A) & B(iv), as the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: August 12, 2026

UNITED STATES DISTRICT JUDGE